Salim Katach, Esq
Varacalli & Hamra, LLP
*Attorneys for Plaintiff and Putative Class*
110 East 59th Street, Suite 3200
New York, NY 10022
646-590-0571
skatach@svhllp.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN REYES, on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br><br>     -against-<br><br>FORSTER & GARBUS, LLP<br><br>     Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

   Plaintiff STEVEN REYES (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Varacalli & Hamra, LLP against Defendant Forster & Garbus, LLP (hereinafter "Defendant" or "DEFENDANT"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

*Introduction*

   1.  Plaintiff brings this class action on behalf of himself and consumers subjected to Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*

2.      The FDCPA prohibits debt collectors from engaging in abusive, deceptive, unfair, and illegal collection practices. In brief, Plaintiff received a letter, a copy of which is attached as **Exhibit A** ("the Collection Letter"), that threatened to seize personal property, even though Defendant was not legally permitted to seize those things and, in fact, never intended to seize those things. The letter falsely implied that any personal property owned by Plaintiff were not exempt from seizure by Defendant. And the letter falsely represented that Plaintiff's assets were being investigated for seizure pursuant to enforceability of a judgment – when, in fact Defendant had no intention of (1) investigating whether Plaintiff had any assets which could be seized to enforce a judgment, or (2) enforcing a judgment against Plaintiff's assets.

3.      The Collection Letter was sent to Plaintiff by Defendant.

4.      In the Collection Letter, Defendant purported to be collecting a debt on behalf of Midland Funding LLC (the "Creditor").

5.      Defendant mailed letters identical to the Collection Letter to hundreds, if not thousands, of New York consumers who allegedly owed debts to Creditor.

### *Jurisdiction and Venue*

6.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b), because the Plaintiff resides in this district, and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Parties*

8.      Plaintiff Steven Reyes, is a natural person residing in Bronx county in the

State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.     Defendant is a limited liability partnership organized and existing under the laws of the State of New York, with a principal place of business in Commack, NY. DEFENDANT is regularly engaged in the collection of debts allegedly owed by consumers through correspondence and telephone calls, and thus is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### *Factual Allegations*

10.     On October 18, 2017, Defendant sent to Plaintiff a letter, a copy of which is attached as **Exhibit A** ("the Collection Letter").

11.     The Collection Letter purported to be collecting on a judgment allegedly owned by Creditor ("the subject debt"). The Collection Letter also alleged that the subject debt arose from a consumer credit card issued by non-party Synchrony Bank. The subject debt allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.     Upon information and belief, on or before October 18, 2017, Creditor purchased the subject debt.

13.     Upon information and belief, on or before October 18, 2017, Creditor arranged to retain DEFENDANT to collect the subject debt.

14.     The Collection Letter stated that the balance due as of the date of the letter was $2,133.83.

15.     The Collection Letter falsely stated that Defendant was "in the process

of searching for assets to satisfy the judgment against" Plaintiff, when in fact DEFENDANT was not conducting such investigation.

16.     From that statement, in combination with the rest of the letter, the least sophisticated consumer would infer that DEFENDANT was tracking down any real estate, cars, sports utility vehicles, trucks, boats, motorcycles, and other personal property owned by Plaintiff.

17.     On information and belief, DEFENDANT does not regularly identify or seize consumers' personal property. Moreover, DEFENDANT had no intention of identifying or seizing Plaintiff's personal property.

18.     The Collection Letter then stated that "if non-exempt assets are located, [DEFENDANT] may send the judgment to an enforcement officer for execution against said assets, unless we can make a satisfactory arrangement to resolve the matter."

19.     Despite the fact that no DEFENDANT attorney had reviewed the particular circumstances of Plaintiff's account, the Collection Letter threatened that DEFENDANT "may send the judgment to an enforcement officer for execution against" any assets that Defendant locates of Plaintiff's.

20.     Based on that statement, the least sophisticated consumer would have believed that, under New York State law, many forms of assets are non- exempt, when in fact, depending on circumstances, certain types of property is quite often exempt from attachment by creditors.

21.     The Collection Letter concluded by warning Plaintiff that "To avoid this, it is important that you contact this office to arrange to pay said judgment."

22.     In fact, DEFENDANT had no intention of trying to locate Plaintiff's

assets.

23.     Furthermore, Defendant's letter stated, "interest may subsequently accrue to this account; therefore, the amount due on the day you pay may be greater."

24.     DEFENDANT sent letters substantially similar to the Collection Letter to hundreds, if not thousands, of consumers in New York State.

### *Class Action Allegations*

25.     Under Federal Rules of Civil Procedure 23, a class action is appropriate and preferable in this case because:

      a.    Based on the fact that the Collection Letter at the heart of this litigation is a mass mailed form letter, the class is so numerous that joinder of all members is impractical.

      b.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal questions presented by this case are whether the letter sent by Defendant (**Exhibit A**) violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692e, § 1692e(4), § 1692e(5), § 1692e(10), and § 1692f(6).

      c.    The only individual issues is the identification of the consumers who received the Collection Letter (i.e. the class members). This issue is a matter capable of ministerial determination from Defendants' records.

      d.    Plaintiff's claims are typical of those of the class members, as they are based on the same facts and legal theories.

      e.    Plaintiff will fairly and adequately represent the class members' interests and has retained counsel experienced in bringing class actions and collection abuse claims.

26.     A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

27.     The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

28.     Prosecution of separate actions by individual members of the class would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

## COUNT I
### Violations of Sections 1692e, e(4) e(5), e(10), and f(6) of the Fair Debt Collection Practices Act

29.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

30.     This Count is brought by Plaintiff, individually and on behalf of a class consisting of consumers with New York State addresses, as follows:

> All consumers with New York State addresses, who: (a) within one year of October 18, 2017; and (b) who Defendant claimed owed a debt to Creditor; (b) were sent a debt collection letter by Defendant in a form materially identical or substantially similar to the letter attached to Plaintiff's Complaint as **Exhibit A** sent to the Plaintiff; or (c) were sent a debt collection letter implying that personal property are non-exempt assets that are subject to attachment by creditors; and (d) the letter was not returned by the postal service as undelivered.

31.     Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

32.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of any debt.

33.     Specifically, FDCPA § 1692e(4) prohibits a collector from "represent[ing] or impl[ying] that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."

34.     Moreover, FDCPA § 1692e(5) prohibits a collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

35.     Furthermore, FDCPA § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

36.     Specifically, Section 1692f(6) of the FDCPA prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

37.     By sending the Collection Letter, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692e, e(4), e(5), e(10), and f(6).

38.     The Collection Letter violates 15 U.S.C. § 1692e, e(4), and e(10) by:

- Falsely representing that DEFENDANT has initiated an investigation of Plaintiff's non-exempt assets.

- Falsely representing that certain assets are non-exempt assets that may be seized by creditors, regardless of circumstances.

- Falsely representing that Defendant, rather than Creditor, had the power to authorize an enforcement

officer to execute the judgment against Plaintiff's
assets.

39.     The letter also violates 15 U.S.C. § 1692e(5) by:

- Threatening to identify and seize consumers' personal property when
it did not intend to identify or seize those assets.

- Threatening to seize assets that were exempt from attachment by
creditors under New York State law.

- Threatening to enforce a judgment when it did not have the authority
from Creditor to enforce said judgment.

40.     The Collection Letter also violates 15 U.S.C. § 1692f(6), by threatening

nonjudicial dispossession of personal property when there was neither a present right to

possession nor a present intention to take possession, and when the property was exempt

by law from dispossession.

41.     DEFENDANT's violations of 15 U.S.C. §1692, *et seq*., render it liable to

Plaintiff and to members of the class.

### COUNT II
### Violations of Sections 1692e and
### e(2)(A) of the Fair Debt Collection
### Practices Act

42.     Plaintiff restates, realleges, and incorporates herein by reference all

foregoing paragraphs as if set forth fully in this Count.

43.     Section 1692e of the FDCPA prohibits a debt collector from using any

false, deceptive, or misleading representations in connection with the collection of any

debt.

44.     Specifically, FDCPA § 1692e(2)(A) states that a debt collector cannot

make a "false representation of the character, amount, or legal status of any debt."

45.     The Collection Letter misrepresented the character and legal status of the

subject debt by falsely stating that Plaintiff owed a debt arising from a Synchrony Bank account, and that Defendant had obtained a judgment against Plaintiff in connection with that debt.

46.     DEFENDANT's violations of 15 U.S.C. §1692, *et seq.*, render it liable to Plaintiff.

## Count III
**Failure to Adequately Convey the Amount of the Debt**

47.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

48.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

49.     One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

50.     A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

51.     Defendant's letter stated that the balance due as of the date of the letter is $2,133.83.

52.     Defendant's letter further stated, "interest may subsequently accrue to this account; therefore, the amount due on the day you pay may be greater."

53.    Defendant's letter informs Plaintiff of the accrual of interest, but fails to explain how it accrues.

54.    Defendant's letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. Avila v. Riexinger & Associates, LLC, 817 F.3d 72. 76 (2d Cir. 2016).

55.    The letter fails to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in Jones v. Midland Funding, LLC, 755 F. Supp. 2d 393, 398 (D. Conn. 2010), adhered to on reconsideration, No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr.11, 2012).

56.    The letter fails to advise Plaintiff of the amount of potential interest charges that may accrue.

57.    The letter fails to advise Plaintiff of the amount of other potential fees or other charges that may accrue.

58.    The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per day.

59.    The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per week.

60.    The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per month.

61.    The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase in any measurable period.

62.    The letter, because of the aforementioned failures, would render the least

sophisticated consumer unable to determine the amount of his or her debt.

63.     The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the balance at any time after the receipt of the letter.

64.     The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of fees, interest, or other charges.

65.     If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable fee.

66.     If fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible fees.

67.     For these reasons, Defendant failed to clearly state the amount of the debts.

68.     For these reasons, Defendant failed to unambiguously state the amount of the debts.

69.     The least sophisticated consumer would be confused as to how she could satisfy the debt.

70.     The least sophisticated consumer will be confused as to what he actually owes.

71.     For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

72.     For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

73.     Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

**Count IV**
**Violation of 15 U.S.C. §§ 1692e**
**False or Misleading Representations**

74.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

75.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

76.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

77.     A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

78.     As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the amount due was static.

79.     As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the amount due was dynamic due to the continued accumulation of charges and interest.

80.     Because the letters are susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

81.     Because the letters can reasonably be read by the least sophisticated

consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

82.    Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### *Demand for Jury Trial*

83.    Plaintiff demands a trial by Jury.

### *Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in her favor, and on behalf of the class, and that judgment be entered against the Defendants, and each of them, for the following:

(A)    Statutory damages  as  provided  by§  1692k of the FDCPA;

(B)    Attorneys' fees, litigation expenses and costs;

(C)    A declaration that DEFENDANT's form letters, represented by the forms sent to the Plaintiff on or about October 18, 2017  violate the FDCPA; and

(D)    Any other relief that this Court deems appropriate under the  circumstances.

Dated: New York, New York
         October 27, 2017

By:    /s/ Salim Katach
         Salim Katach, Esq. (SK0924)